UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROY GREENWOOD, ET AL.                     CIVIL ACTION

VERSUS                                    NO: 09-5834

STATE FARM INSURANCE CO.                  SECTION: "A" (2)

**ORDER**

Before the Court is a **Motion to Remand (Rec. Doc. 11)** filed by plaintiffs Roy Greenwood and June Greenwood. Defendant State Farm Fire & Casualty Co. opposes the motion. The motion, set for hearing on October 14, 2009, is before the Court on the briefs without oral argument.[1] For the reasons that follow the motion is **GRANTED**.

**I.   BACKGROUND**

Plaintiffs initiated this suit in state court against State Farm for wind damage sustained during Hurricane Katrina to five of their rental properties . Plaintiffs allege that they sustained "severe and substantial" wind damage to the properties. (Pet. ¶ IV). Each property was covered by a separate policy issued by State Farm. For each property, Plaintiffs seek additional policy proceeds for structure and loss of use/rents,

---

[1] State Farm has requested oral argument but the Court is not persuaded that oral argument would be helpful in light of the issues presented.

1

penalties, and attorney's fees.  Plaintiffs allege in their petition that the amount in controversy for each of the five properties does not exceed $75,000.00 (Pet. ¶ XII).  While the case was pending in state court Plaintiffs also filed a Binding Stipulation again confirming that their claims on each property did not exceed $75,000.00 and that they renounce the right to seek any judgment in excess of that amount on any of the individual properties.

State Farm removed the suit invoking 28 U.S.C. § 1332, diversity jurisdiction.  The parties are of diverse citizenship and State Farm contends that it is facially apparent from the petition that Plaintiffs' claims exceed $75,000.00 in the aggregate.  State Farm points to the panoply of damages alleged in the petition with respect to each property and points out that $417,622.00 of the five polices remains unpaid.  State Farm contends that Plaintiffs' stipulation establishes that Plaintiffs intend to seek up to $75,000.00 for each property.  (Rem. Ntc. ¶ 14).

Plaintiffs now move to remand the case to state court arguing that aggregation of the five claims is not appropriate.

## II. DISCUSSION

It is well-established that the party invoking the jurisdiction of a federal court has the burden of proving that the exercise of such jurisdiction is proper.  <u>In re North</u>

American Philips Corp., 1991 WL 40259, at *2 (5th Cir. 1991). In a removal case, the removing party bears that burden, a burden unaffected by the status of discovery, the number of plaintiffs, or any problems created by state law. Id. Any doubt regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction and in favor of remand. Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000) (citing Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir.1988)).

In Luckett v. Delta Airlines, Inc., the Fifth Circuit summarized the analytical framework for determining whether the amount in controversy requirement is met in cases removed from Louisiana state courts where specific allegations as to damage quantum are not allowed. 171 F.3d 295, 298 (5th Cir. 1999). In such cases, the removing defendant, as the party invoking the federal court's jurisdiction, bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Id. (citing De Aquilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993)). As the Fifth Circuit explained:

> The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.

Id. (citing Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995)). The law is well-settled that the jurisdictional facts that support removal are to be judged as of the time of

3

removal and post-removal affidavits and amendments cannot divest the court of jurisdiction once it attaches.  See Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000).

State Farm relies for the most part on non-binding authority in support of its aggregation argument.  But in Snyder v. Harris, 394 U.S. 332, 335 (1969), the Supreme Court did state that aggregation has been permitted where a single plaintiff seeks to aggregate two or more of his own claims against a single defendant.  Other judges in this district have also recognized this type of aggregation, see, e.g., Williams v. Dargins, No. 99-0019, 1999 WL 163431, at *1 (E.D. La. Mar. 22, 1999) (Vance, J.), as have respected legal authorities, Charles Alan Wright et al., Fed. Prac. & Pro. § 3704 (3d ed. 2009).  If Plaintiffs had originally filed this suit in federal court then they would have been entitled under Rule 18(a) to assert all of their claims against State Farm in one complaint and to aggregate their five claims in an attempt to satisfy the jurisdictional amount.  As one court has recognized, if a plaintiff can properly aggregate claims against a single defendant to establish original jurisdiction in federal court, then a removing defendant can do so to effectuate removal.  Connolly v. Volvo Trucks N. Am., Inc., 208 F.R.D. 600, 601 (N.D. Ill. 2002).  Thus, this Court is persuaded that State Farm is correct in its assertion that the five claims, which Plaintiffs elected to combine into one

4

lawsuit, can be aggregated for purposes of the amount in controversy needed for original jurisdiction in federal court.

The inquiry does not end with the legal question of aggregation, however, because State Farm must establish by a preponderance of the evidence that the amount in controversy of the aggregated claims exceeds $75,000.00.  Contrary to State Farm's contentions, it is not facially apparent from the petition that the total amount in controversy exceeds $75,000.00.  Adjectives such as "severe" and "substantial" used in pleading a case are not particularly probative of federal jurisdiction.  Neither the petition nor the notice of removal offers any specific facts that would allow the Court to remotely estimate a quantum for Plaintiffs' claims with respect to any one of the individual properties.[2]  Plaintiffs do seek numerous elements of damages, including statutory penalties and attorney's fees, but these potential awards will be based in large part on Plaintiffs' underlying claim for damages.  Based on the record before the Court, Plaintiffs' claims for each property could be $75,000.00 or $7,500.00--the Court simply cannot make an assumption that the greater amount applies.

---

[2] State Farm provided with its notice of removal the Statements of Loss for the properties involved. (Rec. Doc. 1 Exh. B).  These documents suggest that State Farm considered the damage to the properties to be minimal and they do nothing to suggest the *additional* damage that Plaintiffs contend that each property sustained.

State Farm points out that an additional $417,622 remains under the policies until the limits are met but this fact alone does not establish jurisdiction. It is the value of Plaintiffs' claim, not the value of the underlying policy, that determines whether the jurisdictional minimum is satisfied. <u>Bush v. State Farm Fire & Cas. Co.</u>, No. 07-7253, 2007 WL 4259501 (E.D. La. Dec. 3, 2007) (Berrigan, C.J.). And while State Farm contends that the Binding Stipulation establishes that Plaintiffs intend to seek *up to $75,000.00* per property, the Court does not agree with that interpretation of the statements contained in that document. The Stipulation does nothing to impugn the Court's prior observation that Plaintiffs' claims for each property could be $7,500.00--or for that matter $5,000.00 or $50,000.00 or $75,000.00 or any amount under or up to $75,000.00. Implicitly, State Farm is asking the Court to assume, in the absence of any information about the damages allegedly sustained, that the total amount in controversy must exceed $75,000.00 because five claims and several elements of damages are pled. But subject matter jurisdiction cannot be based on speculation and the law is clear that any doubt regarding removal is to be resolved against federal jurisdiction and in favor of remand.

In sum, the Court does not have sufficient information to ascertain the amount in controversy with respect to the five claims. State Farm has not met its burden of establishing that

6

this Court can properly exercise jurisdiction.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 11)** filed by plaintiffs Roy Greenwood and June Greenwood is **GRANTED**. This matter is **REMANDED** to the state court from which it was removed pursuant to 28 U.S.C. § 1447(c) due to lack of subject matter jurisdiction.

November 20, 2009

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE